UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUANA PEREZ,<br><br>                         Plaintiff,<br><br>              -against-<br><br>STATE OF NEW YORK; MANHATTAN PORT AUTHORITY; TACO RICO OF NEW YORK,<br><br>                         Defendants. | 19-CV-8252 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that Defendants violated her rights. By order dated April 29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the complaint is dismissed with leave to replead within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the

elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at

555. After separating legal conclusions from well-pleaded factual allegations, the court must

determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, submits this complaint, which is

largely illegible and incomprehensible. Named as Defendants are the State of New York, the

"Manhattan Port Authority," and "Taco Rico of New York." From the parts of the complaint that

are legible, the Court understands the following information: Plaintiff, a New Jersey resident,

was working in New York on June 8, 2019. After she finished work, Plaintiff went to the Port

Authority bus terminal, where someone "burn[ed her] body" and stole her money. The police

came, but it is not clear what happened after that. Overnight, Plaintiff got a "deep cut" in her

stomach while she slept, and "someone put something" somewhere on her body. Plaintiff

mentions that she is "very black," but she fails to explain what relevance this fact has to what

took place. Plaintiff makes other allegations that are either unreadable, or do not make sense. Plaintiff does not indicate any injuries and does not state the relief she seeks.

On the same day that Plaintiff filed this complaint, she filed another complaint involving an incident occurring at the Port Authority bus terminal. It is not clear if both complaints are about the same events. *See Perez v. NY Police* , ECF 1:19-CV-8251, 9 (S.D.N.Y. Mar. 23, 2020) (dismissing complaint with leave to replead) (*Perez II*). Plaintiff filed another case that was dismissed without prejudice as duplicative of *Perez II. See Perez v. State of New York* , ECF 1:19-CV-9329, 3 (S.D.N.Y. Oct. 10, 2019).

## DISCUSSION

### A.    Taco Rico of New York

Plaintiff brings this complaint without providing the statutory basis for her claims. Because Plaintiff appears to claim violations of her constitutional rights, the Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Taco Rico of New York appears to be a private restaurant located in or near the Port Authority Bus Terminal. Plaintiff has not alleged suggesting that Taco Rico of New York acted under color of state law, or could be deemed to be a state actor. Plaintiff therefore cannot assert a § 1983 claim against this defendant.[1]

---

[1] Because the complaint contains no allegations against this defendant, it is not possible to ascertain whether Plaintiff's allegations could give rise to any state law claims.

**B.      State of New York**

Plaintiff names the State of New York as a defendant. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

**C.      Defendant "Manhattan Port Authority"**

Plaintiff also names the Port Authority Bus Terminal as a defendant. Because the Port Authority Bus Terminal is not a "person," it does not have the capacity to be sued under § 1983. *Cf. Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff may intend to sue the Port Authority of New York and New Jersey (the Port Authority),[2] the agency that owns and operates the bus terminal. "Although the Port Authority, a bi-state agency, is not technically a municipality, courts have treated it as such and have analyzed claims against it under the standards governing municipal liability under § 1983." *Cumberbatch v. Port Auth. of N.Y. & N.J.*, ECF 1:03-CV-0749, 55, 2006 WL 3543670, at *6 (S.D.N.Y. Dec. 5,

---

[2] The Port Authority can be sued. *See* N.Y. Unconsol. Laws § 7101; N.J. Stat. Ann. § 32:1-157.

4

2006) (internal quotation marks and citation omitted); *see Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985).

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's complaint does not contain any facts suggesting that a policy, custom, or practice of the Port Authority led to the violation of her federally protected rights.

### D.     Plaintiff's Claims

The Court has closely scrutinized Plaintiff's complaint but is unable to understand the nature of her claims or the relief she seeks. Plaintiff does not provide a short and plain statement stating the facts from which her claims arise. Plaintiff essentially asserts that Defendants unlawfully harmed her, but she fails to include any intelligible background information about how the alleged harm occurred. In order to state a claim for relief, a complaint must contain enough background facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Plaintiff's complaint contains no facts about what occurred or how Defendants allegedly violated her rights.[3]

Because Plaintiff fails to state any claim on which relief may be granted, the Court dismisses the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff leave to replead her claims.

If Plaintiff submits an amended complaint, she must provide facts supporting a claim for relief. Plaintiff must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief. She must also name as defendants the individuals who violated her rights. If Plaintiff wishes to pursue § 1983 claims against the Port Authority, she must name them it as a defendant and allege how its policies, customs, or practices violated her federally protected rights.

---

[3] Where a plaintiff names a defendant in the caption of the complaint, but the body of the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate. *See Iwachiw v. New York State Dept. of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004), *aff'd*, 396 F.3d 525 (2d Cir. 2005); *Dove v. Fordham Univ.,* 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)).

**CONCLUSION**

The complaint is dismissed for failure to state a claim for relief and for naming immune defendants. 28 U.SC. § 1915(e)(2)(B)(ii), (iii). Plaintiff is granted thirty days from the date of this order to file an amended complaint. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8252 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to file an amended complaint, the Court will enter judgment in this case, and it will be closed.

SO ORDERED.

Dated:    April 30, 2020
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                        State              Zip Code

_____        _____

Telephone Number                    Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.